**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FELIZARDO URIAS-AVILEZ,<br><br>               Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>              Respondent. | Civil Action No. 25-678 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Felizardo Urias-Avilez pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 6), to which Petitioner did not timely reply. (ECF Docket Sheet.) For the following reasons, Petitioner's habeas petition shall be denied.

**I.    BACKGROUND**

Petitioner is a federal prisoner currently serving his sentence in FCI Allenwood Low. (ECF No. 6-1 at 4.) At the time he filed his habeas petition, however, Petitioner was detained at FCI Fort Dix. (ECF No. 1 at 1-2.) Petitioner is currently serving a 168 month sentence out of the District of Kansas for drug distribution charges. (ECF No. 6-1 at 3.) Although Petitioner is subject to an immigration detainer as the Government intends to seek his removal after his sentence concludes, Petitioner has been deemed eligible to earn First Step Act credits, and has earned 365 days of credit towards early supervised release, and at least 715 days of credits towards early

placement in a halfway house or home confinement. (*Id.*) Petitioner is currently projected for release in September 2026. (*Id.* at 4.) In the spring of 2025, the BOP conducted an individualized evaluation of Petitioner to determine what, if any, community placement may be appropriate for Petitioner in light of the Second Chance Act and Petitioner's earned First Step Act credits. (*Id.* at 4.) After this individualized evaluation, the BOP determined that Petitioner could not be securely placed in a residential facility in light of his immigration detainer. (*Id.* at 4; 25-29.) Petitioner now challenges that decision, arguing that he is entitled to a placement in a residential facility under the Second Chance Act and First Step Act. (ECF No. 1.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

In his habeas petition, Petitioner argues that the BOP is improperly denying him a residential placement for the remainder of his sentence in light of his immigration detainer, a decision he contends is improper in light of the credits he earned under the First Step Act, and the Second Chance Act's provision for residential placements for prisoners nearing their release date. A prisoner's "pre-release placement decisions are committed to the BOP's sole discretion." *Pisman v. Warden, Allenwood FCI Low*, No. 23-2048, 2023 WL 6618238, at *1 (3d Cir. Oct. 11, 2023); *see also Tapia v. United States*, 564 U.S. 319, 331 (2011) ("[w]hen a court sentences a

federal offender, the BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment and the treatment programs (if any) in which he may participate"). This discretion includes the authority to determine that deportable aliens subject to immigration detainers cannot be securely placed in a residential facility and thus are ineligible for such placements. *Pisman*, 2023 WL 6618238 at *1. Given the BOP's discretion in setting a prisoner's place and level of confinement, prisoners do not have a vested liberty interest in applying their First Step Act credits in such a way as to require their early transfer to prerelease custody in a residential facility; nor does the Second Chance Act require placement in a residential facility. *See Martinez-Polanco v. Warden, FCI Fort Dix*, Nos. 24-7005, 25-1761, 2025 WL 1511192, at *3 (D.N.J. May 27, 2025); *see also* 18 U.S.C. § 3624(c)(1) (as amended by the Second Chance Act, stating that while inmates should spend a portion of their final months in conditions designed to help a prisoner adjust to society such conditions "may include" placement in a residential facility or halfway house). Because Petitioner's placement is solely in the discretion of the BOP and Petitioner has no vested liberty interest in a placement in a residential facility notwithstanding the provisions of the First Step Act or Second Chance Act, Petitioner's habeas petition and its claims to the contrary are without merit. *Martinez-Polanco*, 2025 WL 1511192 at *3; *see also Becerra v. Miner*, 248 F. App'x 368, 370 (3d Cir. 2007) (prisoner has no protected interest in his assignment to any particular institution, even where the requested transfer is barred only by a deportable alien security factor). Petitioner's habeas petition must therefore be denied.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

4